No. 24-10470

_____

# In the United States Court of Appeals For the Fifth Circuit

_____

STATE OF TEXAS; TEXAS DEPARTMENT OF TRANSPORTATION,

*Plaintiffs–Appellees*,

v.

U.S. DEPARTMENT OF TRANSPORTATION, ET AL.,

*Defendants–Appellants*.

_____

On Appeal from the United States District Court for the Northern District of Texas, 5:23-cv-00304

_____

**MOTION FOR LEAVE TO FILE OUT OF TIME BRIEF OF *AMICUS CURIAE* CENTER FOR ENVIRONMENTAL ACCOUNTABILITY IN SUPPORT OF PLAINTIFFS-APPELLEES**

_____

    Michael Buschbacher
     *Counsel of Record*
    James R. Conde
    Nicholas A. Cordova
    BOYDEN GRAY PLLC
    800 Connecticut Avenue NW
    Suite 900
    Washington, DC 20006
    202-955-0620
    mbuschbacher@boydengray.com

1

# SUPPLEMENTAL STATEMENT OF INTERESTED PERSONS
No. 24-10470

STATE OF TEXAS; TEXAS DEPARTMENT OF TRANSPORTATION,

*Plaintiffs–Appellees*,

v.

U.S. DEPARTMENT OF TRANSPORTATION, ET AL.,

*Defendants–Appellants*.

_____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Center for Environmental Accountability

    *Amicus Curiae*

2. Michael Buschbacher
   James R. Conde
   Nicholas A. Cordova

    Counsel for *Amicus Curiae* Center for Environmental Accountability

Further, pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel of record certifies that *amicus* Center for

Environmental Accountability is a nonprofit corporation that has no parent companies, subsidiaries, or affiliates that have issued shares or debt securities to the public.

Dated: November 9, 2024 | Respectfully Submitted,

/s/ Michael Buschbacher
*Attorney of Record for amicus Center for Environmental Accountability*

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* OUT OF TIME

*Amicus Curiae* the Center for Environmental Accountability ("CEA") respectfully moves for leave to file out of time a brief in support of Plaintiffs-Appellees in the above-captioned matter and respectfully states as follows:

1. On October 1, 2024, this Court extended the deadline for Appellees to file their brief to November 4, 2024.

2. Appellees filed their brief on November 1, 2024—three days before this deadline.

3. On November 4, 2024, *Amicus Curiae* requested and received consent from the parties to timely file the brief attached to this Motion as Exhibit A.

4. The deadline for filing an amicus curiae brief in support of Appellees was thus November 8, 2024. See Fed. R. App. P. 29(a)(6); 5th Cir. R. 29.

5. Due to an internal calendaring error by undersigned counsel, *amicus* inadvertently failed to timely file the brief.

6. Undersigned counsel has contacted the parties to notify them of its intent to file this motion. Counsel for each of the parties have indicated that they do not oppose this motion. See 5th Cir. R. 27.4.

7. The Center for Environmental Accountability ("CEA") is a non-profit organization dedicated to promoting transparency and accountability in environmental and energy policy. Its unofficial motto is that "the rule of law is the best environmental policy." This ensures that we have sound decisionmaking that takes account of public input and protects the environment with minimal disruption to daily life. CEA has a strong interest in this case, which involves a novel disclosure regime designed to change federal, state, and local climate policy in a manner CEA believes is both unlawful and harmful to the advancement of sound energy and climate policy.

8. CEA respectfully submits that this brief will be of assistance to the Court for four reasons. First, it explains how the regulations challenged here are designed to push adoption of California's elective vehicle mandates on States that do not wish to adopt them. Second, it addresses additional reasons why this case implicates the major questions doctrine. Third, it provides additional reasons why the challenged regulations are

arbitrary and capricious. Fourth and finally, it provides the Court with the latest scholarship explaining why vacatur is the proper remedy in this case.

## CONCLUSION

The Center for Environmental Accountability respectfully requests that this Court grant its motion to file its *amicus curiae* brief out of time.

Dated: November 9, 2024

Respectfully submitted,

/s/ Michael Buschbacher
Michael Buschbacher
  *Counsel of Record*
James R. Conde
Nicholas A. Cordova
BOYDEN GRAY PLLC
800 Connecticut Ave. NW
Suite 900
Washington, DC 20006
202-955-0620
mbuschbacher@boydengray.com

*Counsel for Amicus Curiae Center for Environmental Accountability*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies that this brief:

(i)  complies with the type-volume limitation in Federal Rule of Appellate Procedure 29(a)(5) because it contains 402 words; and

(ii) complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Century Schoolbook.

Dated: November 9, 2024              /s/ Michael Buschbacher  
                                     Michael Buschbacher

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I further certify that all parties in this case are represented by counsel who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: November 9, 2024　　　　　　　　/s/ Michael Buschbacher
　　　　　　　　　　　　　　　　　　　Michael Buschbacher