

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Aaron L. Nielson  
Solicitor General

Aaron.Nielson@oag.texas.gov  
(512) 463-2100

January 23, 2025

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk  
Court of Appeals for The Fifth Circuit

    Re:    *State of Texas v. U.S. Department of Transportation*, No. 24-10470  
           (argument scheduled February 24, 2025)

Dear Mr. Cayce:

    Counsel provides notice under Rule 28(j) of President Donald Trump's recission of certain executive orders. *See* Initial Rescissions of Harmful Executive Orders and Actions (Jan. 20, 2025) https://www.whitehouse.gov/presidential-actions/2025/01/initial-rescissions-of-harmful-executive-orders-and-actions/ ("Rescission Order") (attached as Attachment 1).

    Executive Order 13,990 "require[d] all agencies to immediately review all existing regulations, orders, guidance documents, policies, and any other similar agency actions issued under the Trump Administration that are or may be inconsistent with, or present obstacles to President Biden's climate agenda." Appellants' Br. at 9 (quotations omitted). Executive Order 14,008 "set[] forth President Biden's goal to achieve net-zero emissions, economy-wide, by no later than 2050." *Id.* (quotations omitted). The U.S. Department of Transportation relied upon these orders in establishing the performance measures here—the rulemaking was initiated to "align with the Administration's target of net-zero emissions," ROA.287, and to "support[] a U.S. target of … reaching net-zero emissions economy-wide no by no later than 2050," ROA.292.

    The Rescission Order, however, rescinds, *inter alia*, Executive Orders 13,990 and 14,008. *See* Rescission Order, §2. It is now the United States's position that those orders were "deeply unpopular, inflationary, illegal, and radical." *Id.* §1. The Department of Transportation's reliance on "illegal" and "radical," *id.*, orders further confirms that the performance measures are arbitrary and capricious because

Letter to Mr. Cayce, Clerk
Page 2

they are based on improper considerations. *See* Appellees' Br. at 41. The Rescission Order, moreover, underscores why the Court should give statutes their "best reading" to avoid "leaving those attempting to plan around agency action in an eternal fog of uncertainty." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400, 411 (2024). As documented by the district court, the best reading of the statutes here limits the Department's authority to features of roads themselves rather than of the vehicles that drive on those roads.

                                              Respectfully submitted,

                                                /s/ Aaron L. Nielson
                                            Aaron L. Nielson
                                            *Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)